FRANK KERNAN v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 5, 1896.

Nos. 9941—(243).

### Constitution—Trial by Jury—Judgment non Obstante Veredicto.

*Held,* Laws 1895, c. 320,—which provides that where a party was entitled on the trial to have a verdict directed in his favor, and duly moved for the same, the court may, on a motion for a new trial, or on an appeal in such motion, order judgment in his favor notwithstanding the verdict,—is not unconstitutional as denying the right of trial by jury.

### Same—Moving Papers.

But *held* he is not entitled to such order for judgment either in the court below or in this court. unless he asks for that relief in his moving papers on his motion for a new trial.

### Same—Appealable Order.

*Held,* further, an order made in such a motion, for judgment notwithstanding the verdict, is an appealable order.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., setting aside the verdict, and directing judgment against plaintiff notwithstanding the verdict. Reversed.

*McCafferty & Noyes,* for appellant.

*Munn, Boyesen & Thygeson,* for respondent.

CANTY, J. The plaintiff recovered in this action a verdict for $3,000 as damages for personal injury. Defendant moved for a new trial, and on the hearing of the motion the court below ordered judgment for defendant notwithstanding the verdict. From this order plaintiff appeals.

Laws 1895, c. 320, provides:

"Section 1. In all cases where, at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court on motion made that judgment be entered notwithstanding the verdict, or on motion for a new trial, shall order judgment to be entered in favor of the party who was entitled to have a verdict directed in his or its favor; and the supreme court of the state on appeal from an order granting or

[1] Reported in 67 N. W. 71.

denying a motion for a new trial in the action in which such motion was made, may order and direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his or its favor, whenever it shall appear from the testimony that the party was entitled to have such motion granted."

At the close of the evidence on the trial of the case, defendant moved that a verdict be directed in its favor, and thereby, in that respect, brought itself within the terms of this statute.

1. Appellant contends that this statute is unconstitutional; that it violates the provisions of the constitution which guaranty the right of trial by jury. We cannot so hold. If the plaintiff is given a jury trial as the constitution requires, and he fails to produce any evidence which will sustain a verdict in his favor, the court may, without contravening the constitution, order a verdict for defendant. We see no reason why the legislature may not empower the court to make such order nunc pro tunc at a subsequent time, and even after an unwarranted and invalid verdict has been recorded, if the court refused to make the order when moved for at the proper time at the close of the trial.

2. The defendant moved for a new trial on several statutory grounds, but nowhere in its motion papers asked that it have judgment notwithstanding the verdict, and yet the court awarded it this relief. This, appellant contends, is improper. On the other hand, respondent contends that this practice is authorized by the above statute.

It must be admitted that, taken literally, the statute would seem at first glance to warrant respondent's contention. It provides that "the trial court on motion made that judgment be entered notwithstanding the verdict, or on motion for a new trial, shall order judgment to be entered in favor of the party who was entitled to have a verdict rendered in his or its favor." It further provides that on appeal from an order granting or denying a new trial the supreme court may order judgment for the party for whom a verdict should have been so ordered. The motion for a new trial may be made solely on the ground of newly-discovered evidence, or error of law occurring on the trial, or on some other ground which in no manner questions the sufficiency of the evidence to sustain the verdict rendered. Can it be that, without the slightest suggestion in the moving papers that the evidence

is not sufficient to sustain the verdict, the moving party may, on the hearing of such motion, spring an informal verbal motion for judgment notwithstanding the verdict? Or may the party even wait until the case is brought to this court by an appeal from an order granting or denying such a motion for a new trial, and then for the first time in the motion suggest that on the evidence his motion made on the trial that a verdict be ordered in his favor should have been granted? The legislature, if it sees fit to do so, has the power to prescribe such an irregular method of practice, which offers a premium to the one party to take the court and the other party by surprise. But unless this is clearly the intention of the legislature the statute should not be so construed. We cannot hold that the legislature intended so radical and ill-advised a change in the practice. On the contrary, we must hold that it simply intended to permit the party to include in his motion for a new trial a motion for judgment notwithstanding the verdict, by giving proper notice thereof in his moving papers. And, if his motion for judgment is denied, he may have it reviewed on an appeal from an order denying or granting a new trial.

It follows from this that the order appealed from must be reversed. Whether there was any evidence to sustain the verdict we need not consider. We are very clearly of the opinion that the evidence was not so strongly in favor of the verdict that under the rule of Hicks v. Stone, 13 Minn. 398 (434), the trial court could not, in its discretion, have granted a new trial. But on account of the state of the moving papers the court should not, in any event, have gone further, and ordered judgment for defendant. Under the circumstances this court should grant a new trial, as that is as far as the court below should have gone on the moving papers.

3. Respondent contends that the order appealed from is not an appealable order. This would undoubtedly be true if the order had not been made as the disposition of a motion for a new trial. We are of the opinion that the legislature by the statute above quoted intended to permit the motion for judgment notwithstanding the verdict and the motion for a new trial to be blended together, both in the court below and on the appeal, and to make

the order for judgment in such blended motion appealable in the same manner as an order totally denying the blended motion or an order granting a new trial in it. This disposes of the case.

Order reversed, and a new trial granted.