# C. C. LYFORD v. JACOB SCHMIDT BREWING COMPANY.[1]

February 11, 1910.

Nos. 16,420—(187).

**Law of the Road — Verdict.**

Action to recover damages sustained by a collision between the plaintiff's buggy and the defendant's wagon in a public street while the wagon was being driven diagonally across the street to the side where the buggy was rightfully standing. Verdict for the defendant. *Held:*

1. Section 1258, R. L. 1905, the law of the road, is intended to secure the safety and convenience of persons traveling in vehicles meeting and passing each other upon highways. As a general rule it has no application to vehicles crossing from one side of the street or highway to the other. It has no application to the facts of this case.

2. The verdict is sustained by the evidence. The trial court did not err in its charge to the jury, nor in its ruling as to the admission of evidence.

Action in the district court for Ramsey county to recover $10,425. for injuries alleged to have been caused by defendant's driver failing to observe the law of the road and negligently driving his wagon into plaintiff's vehicle. The case was tried before Hallam, J., and a jury which rendered a verdict for defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Francis B. Hart* and *P. J. McLaughlin,* for appellant.

*Price Wickersham* and *S. J. Donnelly,* for respondent.

START, C. J.

On September 5, 1908, a collision occurred at or near the north-

[1]Reported in 124 N. W. 831.

west corner of Snelling and University avenues, in the city of St. Paul, between the defendant's brewery wagon, in charge of its driver, and the plaintiff's buggy, in which he was sitting, whereby the plaintiff was thrown to the ground and injured, and his buggy and harness were damaged. This action was prosecuted in the district court of the county of Ramsey to recover the damages so sustained, on the ground that the collision was caused by the alleged negligence of the driver in driving the wagon diagonally across Snelling avenue and onto the right side thereof, where the plaintiff's buggy was standing. The alleged negligence was denied by the answer. The trial court submitted this issue to the jury, and at the close of its instructions the plaintiff for the first time requested the court to instruct the jury, in substance, "that defendant's driver failed to exercise ordinary care, in crossing to the west side of the street in close proximity to the plaintiff's rig, under the circumstances and in the manner narrated by him, as a matter of law." The request was denied. There was a verdict for the defendant. The plaintiff made a motion for a new trial, and appealed from an order denying it. He here assigns eight alleged errors. The first seven are properly grouped and discussed in the brief of the plaintiff's counsel under the general claim that the verdict is not justified by the evidence.

The first contention in this connection is, in effect, that the law of the road applies to the facts of this case; that the court erred in refusing so to instruct the jury as requested; that "it was the duty of the brewery wagon [the driver thereof] to refrain from crossing to the west half of the street until the plaintiff's vehicle should have vacated the same;" and, further, that a violation of this duty constituted negligence. Counsel for plaintiff treats his requested instruction as the equivalent of a request to instruct that the law of the road was applicable to this case, and that the driver violated it, and was therefore negligent in the premises as a matter of law. It would seem from the memorandum attached to the order denying the motion for a new trial that the trial court so understood the requested instruction. While it is doubtful upon the face of the requested instruction whether it can be so construed, we accept plaintiff's construction of it for the purpose of this appeal.

In considering the question whether the instruction was properly refused, and whether the verdict is sustained by the evidence, we must take the most favorable view of the evidence permissible for the defendant. There was evidence tending to show that the plaintiff was driving south in his buggy along the west side of Snelling avenue, and when near University avenue he stopped on account of a steam roller just ahead of him; that the defendant's team and wagon were standing on the east side of the same avenue, facing south; that, having a delivery to make at the alley back of the buildings on the northwest corner of the avenues, which necessitated the going upon the west side of the avenue, he turned his team and drove diagonally across the avenue; and, further, that when the team was some six feet behind the plaintiff's buggy his horse became frightened at the steam roller and backed the buggy onto the pole of the defendant's wagon, which was the cause of the accident. On the other hand, there was evidence on the part of plaintiff tending to show that the driver, in attempting to cross the street, ran the pole of the wagon into the buggy.

The law of the road, invoked in this connection, is R. L. 1905 § 1258, which provides that "when persons meet on any road or bridge, traveling with vehicles, each shall seasonably drive to the right of the middle of the traveled part of such road or bridge so that the vehicles may pass without interference." The purpose of this law of the road is obvious. Its purpose is to secure the safety and convenience of persons traveling in vehicles meeting and passing each other upon highways. As a general rule it has no application to vehicles crossing from one side of a street or highway to the other. Such cases are governed by the rules of the common law as to negligence. Elliott, Roads & Streets, § 831.

Upon a careful consideration of the evidence we have reached the conclusion that the statute in question has no application to this case; that the requested instruction was properly refused; that it was not the duty of the driver "to refrain from crossing to the west half of the street until the plaintiff's vehicle should have vacated the same;" but he had a right to cross to the side of the street occupied by the plaintiff's buggy, provided he used due care in so doing. Whether,

in driving across the street, the driver was guilty of negligence, was, under the evidence, a question of fact, which was properly submitted by the court to the jury, and the evidence sustains the verdict returned. We find no errors in the charge of the court.

A witness for the defendant, who saw the collision, was asked, on his examination in chief, this question: "Q. I will ask you if Plaschko's team or wagon in any manner whatsoever ran into Dr. Lyford's rig or team? (Objected to as leading and calling for a conclusion. Objection overruled. Exception by plaintiff.) A. No, sir." This ruling is the basis of plaintiff's last assignment of error. The question related to a fact. It was, however, leading; but the court did not abuse its discretion in overruling the objection.

Order affirmed.