## JOHN N. McKENZIE v. DULUTH STREET RAILWAY COMPANY.[1]

### December 31, 1915.

### Nos. 19,560—(163).

**Error not prejudicial.**

1. Errors in sustaining objections to proper questions will not reverse. where the record discloses that the witness, either before the questions were put or afterwards during his examination, testified fully concerning the matters called for by the questions.

**Charge to jury — same.**

2. Where mere verbal inaccuracies and incompleteness of statement occur in a charge such as, without doubt, would have been rectified had the court's attention been called thereto before the jury retired, this court will not reverse for such defects. Under this rule the charge is without prejudicial error.

Action in the district court for St. Louis county to recover $2,017 for injury received while walking across defendant's street car track. The answer set up as a defense the negligence of plaintiff. The case was tried before Dancer, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*G. A. E. Finlayson,* for appellant.

*Thomas S. Wood,* for respondent.

[1] Reported in 155 N. W. 758.

HOLT, J.

Defendant operates a double tracked street car line on Superior street, Duluth. On a still, clear summer afternoon, a collision occurred between plaintiff, a young man, and an east bound street car of defendant. The accident occurred about 70 or 80 feet west of Eighth avenue east, upon the south track. At the same time another car was approaching Eighth avenue running west on the north track. Plaintiff as he came out of a store located on the south side of Superior street, and 130 feet west of Eighth avenue noticed both cars. He intended to take the one going west, and started diagonally across Superior street, paying no further attention to the east bound car which he said was 375 feet west of the store as he stepped out upon the sidewalk. He walked rapidly some 64 feet, and, when about to step upon or over the south rail, collided with the south-east corner of the car or vestibule. One witness claimed that plaintiff appeared to stumble and fall toward the car striking near the middle of the side. The court submitted the negligence of defendant and the contributory negligence of plaintiff to the jury. A verdict was rendered for defendant, and plaintiff appeals from the order denying him a new trial.

Several assignments of error question the rulings sustaining objections to questions asked plaintiff as to why he did not look for the east bound car after he left the store; if he believed he had time to cross the track before the car would reach him, and if he thought the eastbound car would slow down and give the west-bound the right of way over Eighth avenue. No reversible error is here found; for, either before or after the questions were put, and particularly on cross-examination, plaintiff stated his thoughts and reasons upon the matters to which the questions pertained. He testified: "I did not look around for this eastbound car, while I was walking across the street as I have stated, because when I first looked it was far enough away for me to get away across the street if it had been going at an even rate of speed, and which I supposed it was going, not over fifteen * * * For over a year before the accident I had known of this custom of operation of these cars at crossings, the west-bound on the east (north) track having the right of way over the east-bound. I had such custom in mind at the time I was crossing the street as I have stated. * * * I heard the noise

of the west-bound car but did not hear the noise of the east-bound car. When I got within two feet of the south rail of the south track, the west-bound car was slowed down there just ready to come ahead at that time; it was on the east side of Eighth avenue. I do not know where the east-bound car was at that time. I supposed it was away down." He had testified where the car was when he came out of the door of the store, how far he had walked when struck, and at what gait. At the trial it was for the jury, and not the witness, to determine whether he could have safely crossed the south track, had the car been running at a speed not greater than 15 miles per hour, the speed allowed under the ordinance.

The memorandum, attached to the order denying a new trial, discloses that the trial court regarded plaintiff's contributory negligence so clearly established that a motion to dismiss might well have been granted. The correctness of this view we need not consider, for the question was given the jury to decide. And if it was fairly submitted, plaintiff is not in position to complain, for there is undoubtedly evidence tending to support a finding of contributory negligence.

The chief attack upon the charge centers upon these portions: "It is ordinarily · the duty of the person crossing the street car track, especially between crossings, to exercise reasonable care, be on the alert and use his senses and look and listen for cars, to exercise reasonable care. The motorman is ordinarily justified in assuming that a person using the highway will exercise ordinary care for his own protection and that no one will attempt to cross the track so close in front of the moving car as to render a collision probable." These two sentences, standing alone and considered without reference to the particular facts involved, are subject to just criticism. But before using the language quoted, the court stated correctly the rule by which the jury were to measure plaintiff's conduct in crossing the street, and that the burden was upon the defendant to prove that plaintiff failed to come up to the standard of the ordinarily prudent person. The duty of the motorman approaching another car with reference to lookout, control and signals so as to avoid collision with persons on the street was subsequently given with sufficient accuracy to avoid error being assigned thereon. Afterwards, coming down to the concrete facts of this case, the

court invited the jury's attention to the particular conduct wherein, if at all, could be found contributory negligence, saying: "You will consider whether he exercised ordinary, reasonable care in starting out and going across the street at whatever speed he did, without turning his head again so as to look for the car approaching from the west." We think this instruction correct and appropriate. If the inaccuracy in the first quoted instruction was deemed misleading, or inconsistent with the last, the court's attention should have been directed to it at the time—the practice indicated in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. It is no doubt true that persons going upon or along a public street must exercise ordinary care to avoid collision with other users. A person cannot ascertain whether his course and that of another user of the street will conflict, except by the use of his eyes and ears. Plaintiff testified he had looked and had seen the car, and that he was listening. It was for the jury, and we think it was left to them, to determine whether he used his senses and acted upon the information thereby gained as the ordinarily prudent person would have done under the conditions there existing. We need not amplify here. Collisions between street cars and persons or teams using public streets, and the care required of those concerned, have been frequently considered and discussed by this court. Hickey v. St. Paul City Ry. Co. 60 Minn. 119, 61 N. W. 893; Terien v. St. Paul City Ry. Co. 70 Minn. 532, 73 N. W. 412; Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 74 N. W. 166, 70 Am. St. 341; Russell v. Minneapolis Street Ry. Co. 83 Minn. 304, 86 N. W. 346; Peterson v. Minneapolis Street Ry. Co. 90 Minn. 52, 95 N. W. 751; O'Brien v. St. Paul City Ry. Co. 98 Minn. 205, 108 N. W. 805; Bodin v. Duluth Street Ry. Co. 117 Minn. 513, 136 N. W. 302; Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795.

The court called the jury's attention to quite a number of circumstances which might properly be considered in determining the motorman's negligence. Then in passing to the defense of contributory negligence said: "You will again consider all these circumstances; consider how he went out in this street between crossings; the direction he was going; the fact that he knew a car was coming from the west and that he knew one was coming from the east. You will consider all he had

a right to assume as to the speed of those two cars and especially of course of the one that struck him." It is urged that the court, when mentioning the circumstances bearing upon the motorman's negligence, did not enumerate important ones going to indicate negligence such, for instance, as failure to warn by gong or whistle; the ordinance upon speed; the custom that the east-bound car slowed up when about to pass the west-bound, and the question of alertness to avoid injury to those upon the street. Some of these matters had been treated in other parts of the charge, such as the effect of the ordinance, and duty of the motorman to be alert. And if the other matters to which attention is called were not alluded to sufficiently by the admonition, "you will take into consideration the situation there," etc., the omission should have been suggested before the jury retired. We cannot agree with counsel in the contention that plaintiff was prejudiced by a failure to call attention to the distracting circumstances which might have prevented plaintiff from avoiding the collision. Plaintiff stated there were no distracting circumstances, no passing teams or automobiles, and that he knew the car was approaching. True, afterwards he testified to being distracted by the approach of the west-bound car. However that may be, the court did specifically call attention to the two cars, the only things which could possibly distract.

The charge taken as a whole does not appear unfair, and, wherein it departs from verbal accuracy or exhibits omissions, it would no doubt have been made more perfect, had the court's attention been called to what was amiss before the jury were sent out.

Order affirmed.