## OTTO RISER v. CHESEBRO SMITH.[1]

### May 11, 1917.

### Nos. 20,235—(76).

**Negligence — contributory negligence — verdict sustained.**

1. Plaintiff, minor, riding a motorcycle on a city street, was injured by collision with an automobile. The evidence sustains the jury's finding that the defendant was negligent and that plaintiff was not.

**Violation of speed ordinance negligence.**

2. Violation of a speed ordinance by the driver of an automobile is negligence *per se*, and it is not rendered any the less so because the police of a city resolve not to enforce the ordinance.

**Law of the case — admission of evidence.**

3. Instructions to the jury, not excepted to, while for some purposes the law of the case, do not furnish the test by which the admissibility of evidence is to be determined.

**Damages.**

4. The damages are not excessive.

Action in the district court for Clay county by the guardian of Fred Fischer, a minor, to recover $2,900 for injuries sustained through collision with an automobile. The answer alleged negligence, and violation of the laws of North Dakota and the ordinances of the city of Fargo by plaintiff. The case was tried before Nye, J., who, at the close of the testimony denied defendant's motion for a directed verdict, and a jury which answered the questions mentioned in the first paragraph of the opinion and returned a verdict for $2,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, and from the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Barnett & Richardson* and *Charles S. Marden,* for appellant.

*Christian G. Dosland* and *Victor Oleson,* for respondent.

[1] Reported in 162 N. W. 520.

HALLAM, J.

1. Plaintiff, minor, riding a motorcycle on a street in Fargo, North Dakota, came into collision with an automobile driven by defendant, and was injured. He sued for damages and recovered a verdict. In answer to specific questions, the jury found that the defendant was negligent, that his negligence caused the injury, and that the plaintiff was free from negligence. Defendant contends there is no evidence to sustain such a verdict, and particularly claims that the evidence is conclusive that plaintiff was guilty of contributory negligence.

Plaintiff was riding north. He was on the right-hand side of the street. His evidence is that his speed was moderate and that he was riding with care. Defendant was driving south. Ahead of him was another automobile. Defendant turned to the left to pass it, and, while he was passing, the collision with plaintiff occurred. In passing this automobile defendant drove somewhat to the left of the center of the street. Plaintiff's evidence is that defendant was driving from 25 to 30 miles an hour, that he turned out to pass the other car so suddenly that plaintiff was unable to get out of his way, and the collision followed. The evidence sustains a finding that defendant was negligent, and it also sustains the finding that defendant's negligence was such as to cause plaintiff's injury.

The question of plaintiff's contributory negligence is a more doubtful one, but we are of the opinion that it was not conclusively made to appear that plaintiff was negligent. Plaintiff testified that he was looking ahead. He also testified that he did not see defendant's car approach. He did see the other car ahead of defendant. Defendant's car was in plain sight for some distance, and plaintiff must have seen it if he looked ahead, but so long as it continued on the right-hand side of the street behind another car, its presence was not such as to attract special attention or call for effort on plaintiff's part to avoid it. There was ample space then between their courses of travel. Plaintiff testified that he saw defendant's car as soon as it began to turn out. So far as appears, there was nothing to indicate to any one that defendant intended to turn out to pass the car ahead of him until he actually did turn out for that purpose. Plaintiff was traveling well to the right-hand side of the

street, and until defendant turned his car as above indicated there was no occasion for plaintiff to give him further room. If defendant was traveling at the speed claimed by plaintiff, but a very few seconds elapsed between the time defendant turned out and passed over to plaintiff's side of the street and the time of the collision. While it is doubtless true that plaintiff could have driven his motorcycle a little further to the right without coming into contact with the right-hand curb, yet, we cannot say as a matter of law that he was negligent in not getting out of defendant's way. Nor can we say as a matter of law that he did not keep a reasonable lookout ahead. We affirm the finding of the jury that the defendant was negligent and the plaintiff was not.

2. Error is assigned in the rejection of certain testimony offered by the defendant. An ordinance of the city of Fargo limits the speed of motor vehicles to 10 miles an hour. Defendant offered to prove "a police regulation issued by the police department of the city of Fargo permitting a maximum speed of fifteen miles per hour on the public streets of Fargo, and that this defendant knew of such regulation." The court sustained objection to this offered proof. The ruling was right. The validity of the ordinance is not questioned. It was designed for the protection of travelers upon the street, and disobedience of it by defendant was negligence *per se*. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275. The fact that defendant was violating the ordinance at the time of the collision was not conclusive of liability. There is always the question whether the violation of the ordinance is the cause of the injury, but the violation of the ordinance furnished evidence, not rebuttable, that defendant was negligent.

The fact that the police department of the city resolved not to enforce the ordinance could not relieve defendant of the effect of its violation. What the Fargo police might have thought of this ordinance could furnish no justification for its violation, nor render its violation any the less negligence.

3. In determining whether this evidence should have been received, it is not important whether or not the court charged the jury in accordance with the law as laid down in Schaar v. Conforth, supra. While the charge of the court not excepted to, is, so far as the deliberations

of the jury are concerned, the law of the case (Smith v. Pearson, 44 Minn. 397, 46 N. W. 849), it is not the test by which the admissibility of evidence is to be determined. An erroneous charge, though not excepted to, does not relate back so as to render erroneous a ruling upon evidence which was proper when made.

4. The damages were not excessive. The verdict was for $2,000. Plaintiff's foot was crushed, an operation became necessary and parts of bone were removed. He suffered a permanent impairment of the foot. He was employed at the time he was injured receiving a salary of $60 a month and his room. He suffered total loss of earnings for nearly a year, and, between the time when he commenced work again and the time of the trial, his earnings were substantially less than before the injury. He incurred expenses for hospital and medical attendance amounting to about $300. The amount of the verdict should not be disturbed.

Judgment affirmed.