## THOMAS J. KENNEDY v. ANNIE WEBSTER.[1]

### June 29, 1917.

### Nos. 20,425—(224).

**Negligence — evidence.**

1. A boy 11 years old riding on a bicycle was injured by collision with an automobile at a street intersection. The evidence is that the boy crossed in front of the automobile. The driver of the automobile did not see him, and there is evidence that the automobile suddenly increased speed while the boy was passing in front of it. *Held*, there was evidence that the driver of the automobile was negligent.

**Contributory negligence — burden of proof.**

2. The burden of proof of contributory negligence was upon the defendant. Contributory negligence was not conclusively proven.

Action in the district court for Ramsey county by the father of Le Roy Kennedy to recover $15,000 for injuries sustained by his minor son in a collision with an automobile. The case was tried before Hanft,

[1] Reported in 163 N. W. 519.

J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,400 in favor of plaintiff. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*Hiram D. Frankel* and *Arthur W. Summerfield,* for appellant.
*Douglas, Kennedy & Kennedy,* for respondent.

HALLAM, J.

Le Roy Kennedy, while riding a bicycle, was injured in a collision with defendant's automobile. The accident occurred at about 5:30 o'clock p. m. June 9, 1916.

Summit avenue in St. Paul is a much frequented thoroughfare. Oakland avenue intersects it from the south but Oakland ends at Summit. About 60 feet east of this intersection, Kent street intersects Summit avenue from the north. Kent street also ends at Summit. A traffic officer is stationed at Oakland and Summit. Le Roy was riding east on Summit. He intended to turn up Kent. Coming to the intersection of Oakland the traffic officer told him to stop, and he stopped. When the officer signaled him to go on, he went on across Oakland, keeping to the right as he should. After passing the policeman he turned toward Kent street. There is no evidence as to just when he commenced to turn. Defendant's automobile, in charge of her daughter, was traveling west on Summit on the right side of the street and at a moderate rate of speed. Le Roy passed in front of the automobile and had almost cleared its path when the automobile, as one boy put it, "hit him in the back of the bicycle." The driver of the automobile did not see him at all. There is evidence that the speed of the automobile suddenly increased as Le Roy was passing in front of it. The jury found for plaintiff. Defendant appealed.

Plaintiff contends that the driver of the automobile was negligent and that Le Roy used due care. The jury so found and the question is as to the sufficiency of the evidence to sustain the verdict.

1. There is evidence from which the jury might find that the driver of the automobile was negligent. She did not see the boy, yet he was in plain sight crossing her path. The jury might find that she was not keeping a proper lookout at this busy place. She was not traveling

at an excessive rate of speed, but to suddenly increase speed under the conditions existing might well be thought a negligent act.

2. We think the question of the boy's negligence was one of fact for the jury. He was 11 years old and was on a busy street at a busy hour of the day, but we cannot say that every boy of this age must keep off this street with his bicycle at this hour, or that he is negligent as a matter of law if he does not do so. He had not long owned a bicycle, but he said he "rode the boys all the time." There is no doubt that he could ride well enough. The evidence does not suggest that he did not ride well on this occasion.

Le Roy saw the automobile coming. We cannot say that he was certainly negligent in not seeing it sooner. Stallman v. Shea, 99 Minn. 422, 109 N. W. 824. There were many things to look out for at this busy corner.

Defendant contends that Le Roy, in turning from Summit to Kent, passed to the left of the center of the intersection of those streets and that in so doing he violated the law of the road (G. S. 1913, § 2634), and was negligent. The burden of proof of any and all acts of contributory negligence was upon the defendant, and the jury's verdict that there was no negligence should not be set aside unless the evidence of contributory negligence was conclusive. We need not consider the question whether a violation of this statute in passing to the left of the center of the intersection would be conclusive of contributory negligence (see Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275), for the evidence is by no means conclusive that Le Roy did pass to the left of the center of the intersection. There is no direct evidence that he did so, and no ground for contention that he did so, except as we may so infer from the fact that as he approached the north side of Summit avenue he was headed for the west or left side of Kent street. This is not conclusive evidence that he did not pass to the right of the center of the intersection. After he passed the center of the intersection, his course was governed, not by the statutory law of the road, but by common law rules of ordinary care. See Lyford v. Jacob Schmidt Brewing Co. 110 Minn. 158, 124 N. W. 831. Where he might have traveled on Kent street is not a consideration of controlling importance. He did not

137 M—22

meet or pass defendant's automobile on Kent street nor did he reach Kent street at all. The question of his negligence was a question of fact for the jury.

Order affirmed.