## BRYAN O'ROURKE v. DULUTH STREET RAILWAY COMPANY.[1]

November 23, 1923.

No. 23,628.

**Verdict sustained.**

1. Evidence examined and found to sustain the verdict.

**Assignment of error considered.**

2. The record in the case justifies the appellate court considering the assignment of error made as to instructions to the jury.

**Language of charge to be clear.**

3. It is the duty of the trial court to present to the jury the law applicable to the case in clear and intelligible language so that jurors may readily comprehend it; and there must be some latitude in the expression of language so long as he correctly states the substance of the law.

**Brevity in charge desirable.**

4. Brevity in a charge to a jury is commendable.

**Rule inapplicable to crossing of street railway in city block.**

5. Rules applicable to persons using steam railroad crossings requiring them to look and listen, do not apply to persons crossing a street railway track in the middle of a city block.

Action in the district court for St. Louis county to recover $795 damages to plaintiff's automobile. The case was tried before Magney, J., and a jury which returned a verdict for $516. From an

[1]Reported in 195 N. W. 896.

order denying its motion for a new trial, defendant appealed. Affirmed.

*G. A. E. Finlayson*, for appellant.
*McClearn & Gilbertson*, for respondent.

WILSON, C. J.

Plaintiff brought this action to recover damages to an automobile which he claims he suffered because of a collision with a street car resulting from the alleged negligence of the defendant. The answer denied liability, and alleged contributory negligence on the part of the driver of the automobile.

Plaintiff was given a verdict. Defendant made a motion for a new trial, and from an order denying the same has appealed.

The appellant now claims: (1) That the verdict is not justified by the evidence and is contrary to law; and (2) that the trial court erred in the charge to the jury.

Plaintiff operates a garage on Superior street in Duluth. Defendant maintains a double track on Superior street. An employe of plaintiff drove one of plaintiff's automobiles out of the main entrance of the garage to go east on Superior street. This necessitated his driving across the two tracks and turning to the left to go east. As he drove out, two automobiles, a truck and a street car went west on the right side of the street, and the employe claims he looked to the west and did not see any street car coming east and that he then proceeded to cross the street to the opposite side to travel east. He claims when he got on the east-bound street car track, his engine died and his car became stalled on the track.

Plaintiff claims that, while the automobile was thus stalled, a street car approached at a speed of about 20 miles per hour and that the motorman saw the stalled automobile when over 200 feet away, and negligently failed to have the car under control, and by reason thereof struck the automobile, knocking it from 30 to 40 feet and doing the damage.

The defendant claims that it was not negligent; that the employe was guilty of contributory negligence; and claims that the employe drove the automobile onto the track approaching from the rear of

the automobiles and truck going west, and that the automobile came upon the track about 30 feet ahead of the street car which could not be stopped in time to avoid a collision. It was also claimed that the automobile was not stalled, but was moving at the time of the collision.

There is evidence in support of the respective claims of the parties. The jury has determined these facts in accordance with the contentions of the plaintiff and we hold that the verdict is justified by the evidence.

The driver of the car was named Carlson, and the trial court, in part, charged the jury as follows:

"It was the duty of Carlson, in approaching and crossing the tracks of the defendant, to use such care for his own protection and the protection of the automobile he was driving, as a man of ordinary caution and vigilance would use under the same circumstances. It was also his duty to so drive and operate his automobile on the street in such a manner as not to endanger property or the life or limb of any other person.

"A man about to cross a street railway track has to exercise a degree of prudence for his own safety and the protection of the car he was driving, commensurate in some fair degree with the dangers which may reasonably be apprehended at that point. Was Carlson guilty of negligence in crossing the street in the manner he did? Did he use ordinary care in doing so, or did he fail to use such care? Did the automobile Carlson drove stall on the track, or did it not?

"If Carlson failed to use ordinary care under the circumstances in crossing the street and car tracks in the manner he did, there can be no recovery by the plaintiff O'Rourke. If Carlson did use ordinary care in crossing the street as he did, he was not negligent."

At the conclusion of the charge defendant's counsel suggested to the court that it had not charged on the question of the duty of the driver of the auto to look and listen when crossing the track. The court did not agree with counsel and with the permission of the court, counsel dictated to the record a request for instructions as follows:

"You are instructed that it is ordinarily the duty of one driving an automobile across the street, and which he is about to cross, in which street there are double tracks of a street car company, to look and listen for the approach of cars in either direction. It is only under exceptional circumstances that the traveler is relieved of this duty, and he cannot in any case wholly omit the duty of looking and listening, simply because he hears none of the customary or required signals of the approach of the car.

"The motorman of the street car had a right to assume that no one would drive his automobile across the street so closely in front of the approaching street car that a collision therewith could not be avoided, and if you find from the evidence in this case that the driver of the plaintiff's automobile drove his automobile onto the eastbound track of the approaching street car so closely to the front of it that a collision could not be avoided, then that is such negligence as would bar a recovery on the part of the plaintiff herein.

"Defendant further requests the court to instruct the jury relating to the duty of the driver of plaintiff's automobile to look and listen for the approach of the street car in question before driving onto the eastbound track,( and that if such driver failed to exercise his senses to discover the presence of the approaching car in time to avoid the collision, that such omission on the part of the driver was negligence which would bar the plaintiff from recovery herein."

The record which was made by defendant's counsel was sufficient to direct the attention of the court to the subject matter. It therefore justifies our consideration of this assignment of error.

Section 2634, G. S. 1913, does not have any application to the driver of the auto under the facts in this case. That statute was never intended to prevent a person crossing a street in the middle of a block under the circumstances in this case. The same rule of care governs the driver of the car in this case that would have governed a driver of a car at a street intersection before the passage of this statute.

This rule is embraced in that portion of the charge above quoted.

It is the duty of the trial court to present to the jury the law applicable to the case in clear and intelligible language, so that the

men and women on the jury may readily comprehend it.  The trial court must necessarily have some latitude in the expression of language to be used so long as he correctly states the substance of the law.

The charge as given, covered every phase of the case to be considered by the jury.  Any proper elements in the requests of appellant were included in and covered by the language of the court in its instructions.  The substance of this charge as given, must have been understood by the jury to relate to the duty of the driver of the car to look, listen and not to drive in front and in close proximity of an approaching street car.  These elements are well known to be elements under the circumstances of this case, of "care  *  *  * as a man of ordinary caution and vigilance would use under the same circumstances  *  *  *.  A man about to cross a street railway track has to exercise a degree of prudence for his own safety and the protection of the car he was driving, commensurate in some fair degree with the dangers which may reasonably be apprehended at that point."  See also McKenzie v. Duluth Street Ry. Co. 131 Minn. 482, 155 N. W. 758.

Brevity, in a charge to a jury, is to be commended.

Appellant's requests were worded so as probably to leave a more favorable impression for the appellant than it was entitled to have. Moreover the rule as to the requirement of looking and listening which applies to persons using steam railway crossings cannot apply in the case at bar for reasons which this court has already fully determined.  Bremer v. St. Paul City Ry. Co. 107 Minn. 326, 120 N. W. 382, 21 L. R. A. (N. S.) 887; McKenzie v. Duluth Street Ry. Co. 131 Minn. 482, 155 N. W. 758.

The order of the trial court is affirmed.