# FRED NORLING v. RICHARD STEMPF AND ANOTHER.[1]

June 28, 1940.

No. 32,441.

*Hoke, Cobb & Janes,* for appellant Richard Stempf.
*Geoffrey P. Mahoney,* for appellant Gillette Rubber Company.
*Davis, Michel, Yaeger & McGinley, Tom E. Davis,* and *W. R. Werring,* for respondent.

HILTON, JUSTICE.
An automobile collision gave rise to the present action for damages. Plaintiff recovered a verdict, and defendants, be-

[1]Reported in 293 N. W. 250.

ing unable to convince the trial court that plaintiff was guilty of contributory negligence as a matter of law, prosecute this appeal from the order denying them judgment notwithstanding or a new trial.

The accident occurred about three o'clock on the afternoon of August 19, 1938, at the intersection of two graveled country roads in Redwood county. The Morgan-Wabasso road runs east and west and intersects at right angles the Springfield road, which runs north and south. Plaintiff was driving southerly on the Springfield road, and defendant was proceeding westerly on the Morgan-Wabasso road. There was a cornfield at the northeast corner of the intersection. However, it did not obstruct the view of either driver, for the top half of vehicles on either road could be seen for a considerable distance. There were no highway stop signs or warning signs directed to the attention of the drivers involved, but it does appear that there were "Slow" signs on the roads south and west of the intersection. The intersection and the roads approaching it were nearly level, and there is some evidence tending to establish that the east-west road was more heavily traveled.

Defendant Stempf's negligence is established by the verdict. The single question on this appeal is whether the evidence most favorable to plaintiff erects the barrier of contributory negligence as a matter of law.

Plaintiff testified that when he was 100 feet from the intersection he first saw defendants' automobile. He testified:

"Before I come there, I took my foot off the gas and looked around to see if there was any car; I looked to the right and I looked ahead and to the left, and I seen a car about twice as far away as I was."

According to plaintiff, he was moving about 40 miles per hour when he first saw defendant, and he estimated that defendant was going at approximately the same speed. Plain-

tiff slowed down to 35 miles per hour and entered the intersection. At this time "there was nobody there, but I was practically through—all through, and there was a bang and a flash."

On cross-examination plaintiff was asked:

Q. "You have no recollection of ever having looked to the left again after you looked at this point about 100 feet back, is that right?

A. "I may have, but I have no recollection of it."

Plaintiff testified that after he saw defendant when 100 feet back, "I went right ahead. When I was in the intersection I didn't see no car ahead of me in the intersection."

The impact took place in the southwest corner of the intersection. It appears from the record that the front of defendants' vehicle suffered the burden of the collision while the entire left side of the plaintiff's vehicle was smashed. Plaintiff's automobile rolled over and came to rest upside down about 100 feet south of the intersection. Defendant Stempf stopped 35 feet west of the intersection with his car facing north. One witness testified that there were skid marks 40 or 50 feet behind the Stempf car finally ending in the southwest corner of the intersection.

Plaintiff was familiar with the intersection and knew that he was coming to it. His car was working properly, and had he applied his brakes when he first saw defendant Stempf he could have stopped or slowed down sufficiently.

Defendants rely upon 3 Mason Minn. St. 1938 Supp. § 2720-178(h), which provides that on unzoned roads the fact that the speed is lower "than the foregoing prima facie limits * * * shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, * * * and speed shall be decreased as may be necessary to avoid colliding with any * * * vehicle, * * * on or enter-

ing the highway in compliance with legal requirements and the duty of all persons to use due care."

Plaintiff testified that he took his foot off the accelerator and decreased his speed from 40 to 35 miles per hour. At the latter speed he entered the intersection. It was for the jury to decide whether the statute was violated. Since the facts permit it to conclude that plaintiff was not guilty of a violation, we cannot hold that there was contributory negligence as a matter of law. That there was an accident does not establish violation of the statute. Reasonably it cannot be construed to make the occurrence of a collision proof that speed was not decreased sufficiently. Rather it was for the jury to determine whether plaintiff was in default with respect to the statutory standard.

Was there contributory negligence as a matter of law arising from the failure to look the second time before entering the intersection? Plaintiff testified that he looked and saw defendant when plaintiff was 100 feet from the intersection. He concluded that Stempf was driving at approximately the same speed and that he was twice as far from the intersection. Under these facts, it cannot be held that as a matter of law plaintiff is open to the charge of contributory negligence. Of course there are many situations where there is a duty to look more than once. But generally contributory negligence is not determined by the number of times a party looks but by his observation or lack of it. Here plaintiff was only 100 feet from the intersection when he looked and, though he misjudged the location or speed of the other vehicle, thought he could get through the intersection when defendant Stempf was still 100 feet from it. The failure to take a second look was an item of evidence to be considered by the jury together with the other factors in the case. Since the jury did not conclude that it established plaintiff's negligence, neither can we.

The case presents a situation where there is sufficient evidence from which a jury could conclude that the accident

was the product of misjudgment of location or distance rather than negligence. The evidence establishes, so far as this appeal is concerned, that plaintiff had the right of way. Plaintiff's evidence shows that he was the first party into the intersection. Defendant forfeited any rights by excessive speed. Of course a party may be negligent in insisting upon his right of way irrespective of the peril it entails. This is not such a case. Here plaintiff did not intentionally contest his right of way with defendant Stempf. Plaintiff's miscalculations caused him to believe that Stempf was not in the immediate area of the intersection but instead some 100 feet back. The jury could conclude that a reasonable man might have made the same miscalculations and that under all the circumstances the plaintiff did not fall below the hypothetical standard. In Timmerman v. March, 199 Minn. 376, 378, 271 N. W. 697, 698, we said:

"Nor would a conclusion of contributory negligence as a matter of law follow from error in her estimate of the distance at which she first discovered defendant's approach."

We are not free to hold that the misjudgment was so unreasonable that the verdict cannot stand.

Counsel have cited many cases and discussed the details of the evidence. What has been said disposes of the decisive points.

Order affirmed.