KAROLINE WOJTOWICZ v. LLOYD I. BELDEN.[1]

January 2, 1942.

No. 32,909.

[1]Reported in 1 N. W. (2d) 409.

462

*A. B. Christofferson,* for appellant.
*Freeman & King,* for respondent.

STONE, JUSTICE.

After verdict directed for defendant (because of decedent's contributory negligence), plaintiff appeals from the order denying her motion for new trial. After dark on the evening of December 28, 1939, the decedent, walking on the Point Douglas road near Battle Creek on the southerly outskirts of St. Paul, was struck fatally by defendant's automobile.

Point Douglas road leads southerly from St. Paul on the bench at the foot of the bluffs which there face westerly toward the Mississippi River. There are two roadways, one on the east for northbound, and the other on the west for southbound, traffic. They are divided by a wide, grassed parkway or mall. When struck by defendant's car, Mr. Wojtowicz was walking northerly at about the center line of the northbound roadway.

The holding of contributory negligence is based upon these statutes. L. 1937, c. 464, § 57, Mason St. 1940 Supp. § 2720-207. "Pedestrians when walking along a roadway shall walk near the left side of the roadway, giving way to oncoming traffic." Section 2720-151(30) defines "roadway" as "that portion of a highway improved, designed, or ordinarily used for vehicular traffic." Subd. 31 of the same section defines "one-way roadway" as "a street or roadway designated and sign-posted for one-way traffic and on which all vehicles are required to move in one indicated direction." By L. 1939, c. 430, § 30, Mason St. 1940 Supp. § 2720-291, it is declared that "in all civil actions, a violation of any of the provisions of this act by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

■ Inescapable is the conclusion that § 2720-207, requiring pedestrians to walk "near the left side of the roadway, giving way to oncoming traffic," applies to divided highways such as the Point Douglas road. That conclusion is compelled because of the

contextual definitions of "roadway" and "one-way roadway." Each lane of a divided highway is a one-way roadway. Important is the requirement that the pedestrian shall not only walk near the left side but also give way to oncoming traffic. He must go against and not with the traffic.

The application of the statute to these two-way roadways is obvious. It was so assumed concerning statutes similar, but not identical, in Hutcheson v. Misenheimer, 169 Va. 511, 194 S. E. 665, and Tedla v. Ellman, 280 N. Y. 124, 19 N. E. (2d) 987. In the former a directed verdict for the defense was sustained. In the latter, because of distinguishing facts hereinafter considered, it was held that there was a fact question.

■ In this case it was correctly held below that there was no question of fact. Decedent's conduct, negligent or not, was plainly proximate and contributing cause of the accident. For him to be walking on the northbound highway near the center of it, with the traffic, was a violation of the statute, enacted not only for the protection of pedestrians but also for that of the occupants of automobiles.

True, his conduct, although violation of law, was not negligence *per se.* But it was *prima facie* evidence of negligence. So the verdict for defendant was properly directed, in the absence of evidence reasonably tending to show that the conduct of decedent was not negligent. There was no such evidence.

There was some snow on the pavements of both lanes at and for some distance north and south of where the accident occurred. So far as the photographic showing indicates, the right sides of both, including more or less of the pavement to the left of the center line, were free of snow or ice. Decedent's left side of the southbound highway, where he would have been walking in his northerly course if he had been obeying the statute, was just as clean as the east side of the northbound lane. In order to get where he was, he had to cross the southbound lane, where he should have remained, and pass over the rather wide mall between the two pavements, which was somewhat encumbered by piles of

snow. After doing that he continued northerly, for how far no one knows, on the wrong roadway and with, rather than against, the traffic.

So the *prima facie* case for defendant on the ground of contributory negligence is unopposed by any evidence even suggesting reasonable excuse for decedent's violation of the statute. It therefore controls decision. A contrary result was reached in Tedla v. Ellman, 280 N. Y. 124, 133, 19 N. E. (2d) 987, 991, because there was found reasonable excuse for the injured pedestrians' being on what under the statute was the wrong side of the road. That was a violation of controlling statute but only *prima facie* negligence. The gist of the court's reasoning was put in these words: "The general duty is established by the statute, and deviation from it without good cause is a wrong and the wrongdoer is responsible for the damages resulting from his wrong." But it was held also that it was an issue of fact as to whether the plaintiffs had shown "good cause" for their "deviation" from the statute. That was because there was "very heavy Sunday night traffic" on the westbound lane where, under the statute, they should have been walking, whereas "there were very few cars going east." Hence, it was concluded, it was for the jury to determine whether their deviation from the statute was, under the circumstances, really negligent. It was a case where a jury could have concluded that it was much safer for the plaintiffs to be upon what, under the statute, was the wrong side of the highway rather than the right side. No circumstances justify such conclusion here.

In Tedla v. Ellman, *supra,* two judges dissented on the authority of Martin v. Herzog, 228 N. Y. 164, 126 N. E. 814. In the latter case a judgment for plaintiff entered upon a verdict in an automobile accident case was reversed because, under the applicable statute, there was *"prima facie* evidence of contributory negligence" with no evidence in opposition. In Tedla v. Ellman, as already indicated, the majority opinion was based upon the presence of evidence which the jury might have considered was

sufficient to have overcome the *prima facie* case of contributory negligence.

A *prima facie* case simply means one that prevails in the absence of evidence invalidating it. Topinka v. Minnesota Mut. L. Ins. Co. 189 Minn. 75, 80, 248 N. W. 660, 95 A. L. R. 739. In a jury trial, if there is such evidence, the issue is for the jury. But where, as here, the *prima facie* case is unopposed by evidence, a verdict must be directed accordingly.

Order affirmed.

