ALMA M. HANSON v. ARNOLD H. NANNESTAD
AND OTHERS.[1]

April 24, 1942.

No. 33,131.

Dell & Rosengren and L. A. Wilson, for appellant.
A. O. Sletvold, for respondents.

HILTON, JUSTICE.

This appeal presents for our determination the propriety of the action of the trial judge in dismissing plaintiff's cause at the conclusion of her evidence upon the ground that there was no evidence which could support a finding that plaintiff was a partner in the ownership and operation of a hardware and implement business. A partnership under the firm name of Hanson & Nannestad was formed in 1919, consisting of Peter H. Hanson, plaintiff's husband, and John C. Nannestad, now deceased, plaintiff's brother-in-law. It is plaintiff's claim that when the partnership was organized with a capital of $10,000 she contributed $4,000 as her share and Nannestad and her husband contributed $5,000 and $1,000 respectively. Respondents insist that the money which plaintiff claims to have invested in the partnership was in reality a loan to her husband individually.

[1]Reported in 3 N. W. (2d) 498.

We think the trial judge improperly dismissed this action. There is evidence in the record which we feel could have justified a finding in plaintiff's favor. However, we do not believe that exhaustive review of the evidence is necessary. The record contains the plaintiff's positive assertion that at the end of the first business year she received a profit dividend of $200 from the firm. Her husband's testimony went no further than to show that he had no recollection that this dividend was paid. But he did definitely admit that he had never paid plaintiff any interest on her money. Under this state of the evidence, the law says that receipt of profits from a business, not as interest on a loan, is *prima facie* evidence that the recipient is a partner in the business. Mason St. 1927, § 7390(4); 5 Dunnell, Dig. & Supp. § 7346. Without more, the *prima facie* case thus proved made it error to dismiss the action at that juncture. Carnes v. St. Paul Union Stockyards Co. 164 Minn. 457, 465, 205 N. W. 630, 206 N. W. 396. Plaintiff's failure to receive further dividends is explained by the determination of the partners to reinvest the profits in order to expand the business. *Cf.* Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409.

Necessarily, our consideration of this appeal is affected by the summary disposition which the case received below, and should not be construed to represent our views upon the evidence had findings adverse to plaintiff been made.

Judgment reversed.