Ronald B. KIRSEBOM, Appellant,

v.

Daniel Walter CONNELLY, Respondent.

No. C6–91–2346.

Court of Appeals of Minnesota.

June 16, 1992.

James M. Dunn, James M. Dunn & Associates, Edina, for appellant.

Owen L. Sorenson, Bradley D. Hauswirth, Stringer & Rohleder, Ltd., St. Paul, for respondent.

Considered and decided by KALITOWSKI, P.J., and AMUNDSON and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge *

Ronald Kirsebom was injured after his motorcycle collided with the automobile of Daniel Connelly. Kirsebom sued Connelly for negligence.

At trial the jury found that neither party was negligent. The trial court then denied Kirsebom's motion for new trial and for judgment notwithstanding the verdict (JNOV).

On appeal Kirsebom argues that the court erred in denying the post-trial motions because, at trial evidence that Connelly had driven under the influence of alcohol created a prima facie case of negligence, which Connelly failed to rebut. Kirsebom claims that the court erred in declining to read Minn.Stat. § 169.121, subd. 1 (1990), which prohibits driving under the influence of alcohol, to the jury. We reverse and remand.

## FACTS

Early in the morning of June 25, 1989, Ronald Kirsebom traveled on his motorcycle with his cousin, Donna Kirsebom, riding on the back. Kirsebom traveled east from his house on 140th Street in Savage. He then proceeded south on Ottawa Avenue and stopped at the intersection of County Road 42.

He testified that he waited at the stop sign until the traffic cleared and then turned left and eastbound on County Road 42. He testified that he accelerated and shifted through the gears, reaching fourth gear after traveling about a block. He further testified that he felt a sensation of acceleration which was followed by an impact. He testified that he then realized he had been struck by a car and that he and Donna tumbled onto the road. He testified that they got up quickly and ran off the road.

Daniel Connelly, the driver of the car, testified that he was traveling 45–50 miles per hour at the time of the accident. Just prior to the collision, Connelly had been looking down at his girlfriend, who was asleep on the passenger side of the front seat. He glanced up upon impact and saw the two bodies flying eight to ten feet in the air. Connelly testified that he weighs about 225 pounds and had approximately three to four drinks during the four hours from approximately 8:00 p.m. until midnight.

Officers Barry Brandt and Dave Mueller arrived at the scene shortly after the accident. Brandt had Connelly perform field sobriety tests and then took Connelly to the police station and observed him for about 20 minutes. Brandt testified at trial that he believed Connelly was under the influence of alcohol. Connelly also testified that he believed he had been under the influence of alcohol.

At the scene of the accident, Officer Mueller attended to Kirsebom. Mueller testified that he observed Kirsebom but did not conduct field sobriety tests. Mueller testified that later at the hospital, he had Kirsebom perform field sobriety tests. Mueller testified that he believed Kirsebom had not been under the influence of alcohol. Kirsebom testified that he had consumed three drinks that evening.

## ISSUE

Is a new trial warranted where the jury found neither party negligent and where the trial court failed to include the Minn. Stat. § 169.121, subd. 1 prohibition of driving under the influence of alcohol in the jury instructions?

## ANALYSIS

Kirsebom maintains that the trial court erred in denying his motion for new trial because the court failed to include the Minn.Stat. § 169.121, subd. 1(a) (1990) prohibition on driving under the influence of alcohol in the jury instructions and because the jury's finding that neither party was

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

negligent was unsupported by the evidence. We agree.

Minn.R.Civ.P. 59.01(f) provides that the court may grant a new trial for errors of law that occur at trial. Minn.R.Civ.P. 61 provides:

[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial * * * unless refusal to take such action appears to the court inconsistent with substantial justice.

■ On appeal this court accords broad latitude to the trial court in instructing the jury. *Paulson v. Lapa, Inc.*, 450 N.W.2d 374, 378 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 22, 1990). The sole requirement is that the instructions convey to the jury a clear and correct understanding of the law. *Id.* A party is entitled to a jury instruction that sets forth his or her theory of the case if evidence supports it and if it is consistent with the applicable law. *Poppenhagen v. Sornsin Constr. Co.*, 300 Minn. 73, 81, 220 N.W.2d 281, 286 (1974) (quoting *Dornack v. Barton Constr. Co.*, 272 Minn. 307, 321, 137 N.W.2d 536, 546 (1965)). Errors in jury instructions warrant a new trial only if they destroy the substantial correctness of the charge, cause a miscarriage of justice, or result in substantial prejudice. *See Lindstrom v. Yellow Taxi Co.*, 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). The trial court should grant a new trial where the court submitted an issue to the jury on an erroneous instruction unless the jury's determination appears correct as a matter of law. *See Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 660 (Minn. 1987).

■ Where a statute applies, the court generally should read it to the jury. *O'Neill v. Minneapolis St. Ry.*, 213 Minn. 514, 524, 7 N.W.2d 665, 670 (1942). The supreme court has held that

where factual matters are involved, if sufficient evidence is introduced to sustain a jury's finding in accordance with a possible version thereof, a party is entitled to have any statute which may be

relevant given to the jury, provided that in those instances where a statute may be relevant only upon a single interpretation of the facts, the trial court limits such statute in its application either by a specific instruction or by the entire tenor of its charge.

*Tollefson v. Ehlers*, 252 Minn. 370, 376, 90 N.W.2d 205, 210 (1958).

■ With some exceptions, a violation of a statute that imposes a duty of care is negligence per se in Minnesota. *Scott v. Independent Sch. Dist. No. 709*, 256 N.W.2d 485, 488 (Minn.1977). The statute at issue in this case provides that "[i]t is a crime for any person to drive, operate, or be in physical control of any motor vehicle * * * when the person is under the influence of alcohol." Minn.Stat. § 169.121, subd. 1(a). A violation of a traffic regulation statute under Chapter 169 "shall not be negligence per se, but shall be prima facie evidence of negligence only." Minn. Stat. § 169.96 (1990).

■ Generally, "[w]here a plaintiff proves a prima facie case and it is unrebutted by defendant, the plaintiff has met his burden of proof." *Fidelity Bank & Trust Co. v. Fitzimons*, 261 N.W.2d 586, 590 (Minn.1977). The supreme court has addressed the operation of a statutory violation that constitutes prima facie evidence of negligence:

A statutory violation constituting prima facie evidence of negligence prevails as a controlling evidentiary factor against the violator only so long as there is an absence of evidence tending to show a reasonable ground for such violation or only so long as there is no actual evidence to justify a reasonable assumption that such violation was not negligent under the circumstances and would therefore not reasonably endanger himself or any other person entitled to the protection of the act. The burden of producing such evidence of justification is upon the violator, but the moment such evidence appears from any quarter whatever the prima facie case against the violator not only ceases thenceforth to have any validity, but wholly vanishes from the liti-

gation as an evidentiary factor, and thereupon the burden of going forward with the evidence shifts to the opposing litigant. In the absence of evidence reasonably tending to show that the violator's conduct was not negligent under the circumstances, the prima facie case of negligence remains, and, if such negligence was a proximate cause of the accident, a directed verdict against the violator is in order.

*Demmer v. Grunke*, 230 Minn. 188, 193, 42 N.W.2d 1, 5 (1950) (citations omitted), *quoted in Tschida v. Dorle*, 235 Minn. 461, 467–68, 51 N.W.2d 561, 565 (1952). Where the defendant produces evidence that tends to establish excuse or justification, the question of negligence is for the jury. *Gertken v. Farmers Elevator of Kensington, Minn., Inc.*, 411 N.W.2d 550, 554 (Minn. App.1987), *pet. for rev. denied* (Minn. Oct. 28, 1987).

 The trial court declined to read the Minn.Stat. § 169.121 prohibition on driving under the influence of alcohol to the jury. The jury therefore had no opportunity to consider whether Connelly violated the statute. As a result, Kirsebom was denied the opportunity to have the prima facie case operate in his favor. We believe that the trial court's failure to include the statute in the instructions led to a jury verdict that was unsupported by the evidence. We therefore order a new trial on the issue of liability.

In view of the copious evidence suggesting that Connelly may have been under the influence of alcohol at the time of the accident, the court should have read the statute to the jury. The jury heard both Officer Brandt and Connelly himself testify that they believed Connelly was under the influence of alcohol. Without benefit of the statute, however, the jury had little guidance as to how to evaluate the effect that alcohol may have had on Connelly. The law is clear that the court should include a statute in the instructions when the evidence so warrants. We believe that the evidence in this case was ample.

Connelly argues that reading the statute was unnecessary because the jury had an opportunity to consider whether he was affected by alcohol. The court did instruct the jury that an intoxicated person is required to use the same care as that required of a sober person. We believe that the instruction fell short of the mark and was totally inadequate as a matter of law. The failure to read the statute precluded the jury's opportunity to find prima facie evidence of negligence. As a matter regarding burden of proof, whether Kirsebom established a prima facie case would have been patently crucial. We therefore conclude that the failure to issue the instruction is prejudicial and inconsistent with substantial justice.

We further believe that the court's failure to include the statute in the instructions led to a jury verdict that was not supported by the evidence. Despite the collision, the jury found that neither Connelly nor Kirsebom was negligent. The jury heard evidence that Connelly had been drinking and that he was looking away from the road immediately prior to the accident. There also was evidence that Kirsebom may have failed to yield right of way as he turned left from the intersection onto the road in front of Connelly. While the evidence might support a finding of negligence on behalf of both parties, it simply does not justify a finding of no negligence on behalf of either party in this case.

Without benefit of the statutory prohibition on driving under the influence of alcohol, the jury may have concluded that Connelly was affected by alcohol, but that he was not negligent because there was no evidence of a breath test or other objective evidence of intoxication. Including the statute in the instructions would have informed the jury that finding Connelly under the influence of alcohol would constitute prima facie evidence of negligence. It is reasonably likely that if the court had included the statute in the instructions, the jury would have reached a different, less anomalous verdict. Consequently, we conclude that the trial court's error and the lack of evidence to uphold the verdict justify a new trial.

## DECISION

We hold that the evidence warranted inclusion of Minn.Stat. § 609.121, subd. 1(a) in the jury instructions. The trial court's failure to include the statute in the instructions and the lack of evidence to sustain the verdict were contrary to substantial justice and merit a new trial on the issue of liability.

Reversed and remanded.