D.H. BLATTNER & SONS, INC., a Minnesota Corporation, Respondent (C6–94–1986, C5–95–726), Appellant (C0–94–1997, C7–95–548),

v.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, a New Jersey Corporation, Appellant (C6–94–1986, C5–95–726), Respondent (C0–94–1997, C7–95–548).

Nos. C6–94–1986, C0–94–1997, C7–95–548 and C5–95–726.

Court of Appeals of Minnesota.

Aug. 8, 1995.

Review Denied Oct. 18, 1995.

Holly A.R. Hart, Marvin Fabyanske, Michael J. Kinzer, Fabyanske, Svoboda, Westra, Davis & Hart, P.A., Minneapolis, for D.H. Blattner & Sons, Inc.

John H. Hinderaker, Scott W. Johnson, Thomas J. Vollbrecht, Faegre & Benson, Minneapolis, for Firemen's Ins. Co. of Newark, NJ.

Considered and decided by KALITOWSKI, P.J., and RANDALL and HOLTAN,* JJ.

## OPINION

HARVEY A. HOLTAN, Judge.

Both parties appeal from a $2.75 million jury verdict in a breach of contract action against Firemen's Insurance Company on numerous grounds, including the trial court's refusal to give res judicata effect to an Arkansas Claims Commission decision, improper jury instructions and various other issues. We reverse and remand.

## FACTS

In 1982, the State of Arkansas awarded two highway construction contracts to companies owned by Potashnick. Firemen's Insurance Company was the surety for the contracts.[1] When Potashnick defaulted, Firemen's solicited bids from other contractors to finish the jobs. D.H. Blattner & Sons submitted a bid for about $6 million after visiting the work site and reviewing the state's plans and specifications. Blattner was selected for the jobs and signed two contracts with Firemen's for the highway projects. The contracts incorporated Potashnick's contracts with the state.

During completion of the highway project, disputes arose between Blattner, Firemen's and the Arkansas Highway Department over costs and damages incurred due to delays in construction. As a result, Firemen's and Blattner brought a claim before the Arkansas Claims Commission, seeking reimbursement for additional funds spent as a result of the Highway Department's alleged "acts and inactions, breaches of contract, misrepresentations, negligence and active interference * * * [which caused Firemen's and Blattner] to spend unanticipated excessive sums of money to complete the work and [caused delays] in the completion of the work." The claims commission, an arm of the Arkansas legislature, denied and dismissed the claims, finding no improper action on the part of the highway department.

Blattner and Firemen's sought review of the claims commission's decision in the Arkansas courts and were eventually heard by the Arkansas Supreme Court. That court held that Arkansas state courts lack authority to review the claims commission's decisions due to constitutional provisions for sovereign immunity.

After failing to obtain review in the Arkansas courts, Blattner sued Firemen's in Ramsey County District Court on the same facts presented to the Arkansas Claims Commission. Blattner's claims against Firemen's included breach of contract, breach of implied warranty, and fraud and misrepresentation arising from the actions of the Arkansas Highway Department. The jury instructions included a discussion of breach of contract, breach of an implied warranty and fraudulent misrepresentation, but only breach of contract and fraudulent misrepresentation were submitted to the jury on the special verdict form. The jury's special verdict, adopted by the trial court, found Firemen's in breach of contract. It found Blattner's damages to be $2.75 million. The jury also found that Firemen's did not fraudulently misrepresent or fail to disclose material facts to Blattner and that decision is not appealed. The trial court awarded costs to Blattner as the prevailing party.

## ISSUES

1. Did the trial court abuse its discretion by refusing to give res judicata effect to the Arkansas Claims Commission's decision?

2. Was there sufficient evidence to find breach of contract?

3. Did the trial court abuse its discretion in its breach of contract jury instructions?

4. Did the trial court abuse its discretion in its implied warranty jury instructions?

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Although Firemen's was a surety during the course of construction, Blattner does not assert that its claims arise out of the surety contract, nor does it present the surety contract for review. Rather, Blattner's claims arise out of the construction project contracts.

## ANALYSIS

### 1. *Res Judicata*

■ The decision to grant or deny res judicata to a prior decision is a matter of judicial discretion. *Harford v. University of Minn.*, 494 N.W.2d 903, 907 (Minn.App.1993) (citation omitted), *pet. for rev. denied* (Minn. Mar. 30, 1993).

■ Firemen's argues that res judicata should prevent relitigation of Blattner's breach of contract claim because that issue was heard and decided by the Arkansas Claims Commission and is entitled to full effect in Minnesota courts. A party may assert res judicata (collateral estoppel) arising from a prior administrative-type hearing if five requirements are met:

(1) the issue to be precluded must be identical to the issue raised in the prior agency adjudication;

(2) the issue must have been necessary to the agency adjudication and properly before the agency;

(3) the agency determination must be a final adjudication subject to judicial review;

(4) the estopped party was a party or in privity with a party to the prior agency determination; and

(5) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Graham v. Special Sch. Dist. No. 1*, 472 N.W.2d 114, 116 (Minn.1991) (citations omitted). The parties agree that identical issues were raised before the claims commission, that the issues were necessary and proper to the claims commission proceedings, and that the parties were in privity. However, our review of the claims commission process convinces us that the parties were denied a fair hearing and had no opportunity for judicial review. Res judicata, therefore, was properly denied by the trial court.

■ The claims commission is an arm of the Arkansas legislature, created with exclusive jurisdiction over all claims against the state and its agencies. *Fireman's Ins. Co. v. Arkansas State Claims Comm'n*, 301 Ark. 451, 784 S.W.2d 771, 775 (1990), *cert. denied,* 498 U.S. 824, 111 S.Ct. 76, 112 L.Ed.2d 50 (1990). As a branch of the legislature, it is not subject to the Administrative Procedures Act. *Id.* We conclude that a party cannot be guaranteed a fair hearing when the outcome is determined by a legislative body constrained by the political process, budgetary and reelection concerns, and whose decisions are "final and binding * * * and shall not be subject to judicial review." *Id.* at 774. Here, the legislature holds not only the pursestrings, but the keys to the court where it acts as judge, jury and appellate reviewer. Nor is this court required to give full faith and credit to the claims commission's decision, as Firemen's argues, where those proceedings lack due process in their failure to provide a fair hearing and provide for adequate post-hearing relief. *See Parratt v. Taylor*, 451 U.S. 527, 538–41, 101 S.Ct. 1908, 1914–16, 68 L.Ed.2d 420 (1981) (due process can be satisfied by postdeprivation remedies in which a full and meaningful hearing is available), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963) (state court judgment entitled to full faith and credit in other states when it is determined that questions have been fully and fairly litigated and finally decided in original court).

### 2. *Sufficiency of Evidence to Support Verdict*

■ Firemen's indicates that Blattner has failed to identify a contractual provision which Firemen's breached. Although not stated as a separate issue, we may, in the interests of justice, review any matter affecting the case on appeal and this issue merits our attention. Minn.R.Civ.App.P. 103.04.

This case proceeded to the jury on Blattner's argument that Firemen's was liable for the actions of the State of Arkansas and other contractors which allegedly caused Blattner damages. We note, as a preliminary matter, that Blattner has failed to identify any contract provision supporting its argument. Rather, when read as a whole, the contract limits Firemen's role in the construction projects, and does not provide for

the broad, almost strict liability Blattner claims.

Paragraph 7 states that the "sole basis of payment to [Blattner] will be on the basis as set forth in the Contract between Potashnick and [the state]." That same paragraph makes progress payments to Blattner subject to approval and payment by the state, indicating that Firemen's is acting as an intermediary.

Paragraph 9 places liability for losses on Blattner. Although it can be argued that the scope is limited, there is no other provision that indicates Firemen's has agreed to accept responsibility for losses of any kind.

Paragraph 11 indicates that Blattner agreed to assume responsibility for construction delays resulting in assessment of liquidated damages. There is no comparable provision making Firemen's liable.

In Paragraph 16, Blattner agrees that material damaged or otherwise unacceptable to the state due to negligence of third parties is the sole responsibility of Blattner. It further provides that claims for "backcharges, extras, extensions of time, delays, suspensions, damages and the like" shall be prepared by Blattner for Firemen's to submit to the state. Firemen's agrees only to submit the claims on behalf of Blattner, it does not accept liability if the state refuses to pay.

In a breach of contract action, Blattner has the burden of proving not only breach, but that damages arose from the breach. *Ag–Chem Equip. Co. v. Hahn, Inc.,* 350 F.Supp. 1044, 1048 (D.Minn.1972), *aff'd in part, vacated in part on other grounds,* 480 F.2d 482 (8th Cir.1973). Although Blattner claims and proves damages, it has failed to prove that Firemen's alleged breach of contract proximately caused those damages. *See Buchman Plumbing Co. v. Regents of Univ. of Minn.,* 298 Minn. 328, 340, 215 N.W.2d 479, 487 (1974). As a result, the evidence fails to support the verdict.

### 3. *Jury Instructions—Breach of Contract*

The trial court has broad discretion in its jury instructions, which need only "convey to the jury a clear and correct understanding of the law." *Kirsebom v. Connelly,* 486 N.W.2d 172, 174 (Minn.App.1992). "Errors in jury instructions warrant a new trial only if they destroy the substantial correctness of the charge, cause a miscarriage of justice, or result in substantial prejudice." *Id.*

In addition to the insufficiency of the evidence, we find that the jury instructions do not accurately describe the law and caused substantial prejudice to Firemen's. The instructions read in part:

> If you find that Blattner was damaged by actions or inactions of the Arkansas Highway Department or the bridge contractors, then you must decide whether Firemen's or Blattner is responsible for any harm caused by those actions or inactions. Firemen's is not free of responsibility to Blattner merely because Firemen's could not or did not control the actions or inactions of the Arkansas Highway Department or the bridge contractors.

Not only do the instructions read like a directed verdict but they err as a matter of law by stating that Firemen's is liable for losses caused by third parties.

The general rule is that, " '[w]here one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation' " where the job is more costly or difficult than anticipated. *L.J. McNulty, Inc. v. Village of Newport,* 290 Minn. 117, 127, 187 N.W.2d 616, 621 (1971) (quoting *United States v. Spearin,* 248 U.S. 132, 136, 39 S.Ct. 59, 61, 63 L.Ed. 166 (1918)). Such difficulty may arise where the contract depends on the cooperation of third parties. "It is well settled that a promise which cannot be performed without the consent or cooperation of a third party is not excused because of the promisor's inability to obtain such cooperation." *St. Paul Dredging Co. v. State,* 259 Minn. 398, 407, 107 N.W.2d 717, 723–24 (1961). Rather, the parties are expected to have anticipated and guarded against such circumstances in the contract. *See* Annotation, *Modern Status of the Rules Regarding Impossibility of Performance as Defined in Action for Breach of Contract,* 84 A.L.R.2d 12, 40 (1962) (party may bind itself

to perform things which subsequently become impossible, or pay damages for nonperformance where event causing impossibility might have been anticipated and guarded against in contract) (quoting *Chicago, M. & St. P.R. Co. v. Hoyt*, 149 U.S. 1, 13 S.Ct. 779, 37 L.Ed. 625 (1893). "Where the parties' contract fails to provide against a foreseeable risk, they are deemed to have tacitly allocated the risk to the promisor." *Barbarossa & Sons, Inc. v. Iten Chevrolet, Inc.*, 265 N.W.2d 655, 660 (Minn.1978). Thus, where the contract is silent, as here, Blattner, the promisor, assumes the burden of additional costs for foreseeable risks. If additional costs were foreseeable, Blattner is liable for those costs. If unforeseeable and simply a result of Blattner's miscalculations, Blattner is also liable. *See L.J. McNulty, Inc.*, 290 Minn. at 127, 187 N.W.2d at 621. If Blattner has been damaged by the acts of others, Firemen's may not be held liable without "express provisions in the contract." *Buchman Plumbing Co.*, 298 Minn. at 340, 215 N.W.2d at 486. It may have recourse against those entities, but it cannot successfully sue Firemen's where the contract does not establish that Firemen's agreed to assume liability and Blattner fails to prove that Firemen's "proximately caused" delays or damages. *Id.* at 340, 215 N.W.2d at 487.

The jury instructions do not accurately describe the law in that they erroneously allocate risk of Blattner's excessive costs to Firemen's. As a result, Firemen's was substantially prejudiced and a new trial would be necessary, were it not for the fact that the evidence was insufficient to support the verdict in the first place.

### 4. *Jury Instructions—Implied Warranty*

Although the jury instructions discuss breach of an implied warranty, this claim was not submitted to the jury on the special verdict form so the jury did not decide it. If the breach of contract claim was the same as breach of implied warranty, the instructions and special verdict form do not make that

clear. The implied warranty instructions to which Firemen's objects state:

> By entering into contracts with Blattner, Firemen's impliedly warrants to Blattner that the plans and specifications from the original contracts with the Arkansas Highway Department are sufficient to permit Blattner to perform the projects according to those plans and specifications furnished by Firemen's using ordinary construction techniques. Blattner had a right to rely on that implied warranty by Firemen's pursuant to the contract. And Blattner had no duty to conduct an independent investigation into the sufficiency of the plans and specifications.

Like the breach of contract instruction, the implied warranty instructions read like a directed verdict and present an incorrect statement of law.[2]

A contractor is not liable for defects in plans and specifications provided to it by an owner, even where the contract requires it to visit the site and check the plans. *McCree & Co. v. State*, 253 Minn. 295, 309, 91 N.W.2d 713, 722–23 (1958). Rather, the owner impliedly warrants that its plans and specifications are fit for use in bidding on and performing a contract. *Zontelli & Sons v. City of Nashwauk*, 373 N.W.2d 744, 752 (Minn. 1985); *Alley Constr. Co.*, 300 Minn. at 349–50, 219 N.W.2d at 924–25; *McCree & Co.*, 253 Minn. at 311, 91 N.W.2d at 723. The owner, in this case, is the State of Arkansas, not Firemen's, the surety.

This is a case of first impression in Minnesota and policy considerations also require us to conclude that the State of Arkansas, not Firemen's, may be held liable for breach of an implied warranty. The State of Arkansas, as owner of the plans and specifications, had complete control over contract performance and the ability to ensure the completeness and accuracy of the plans upon which Blattner relied. *Alley Constr. Co.*, 300 Minn. at 350–51, 219 N.W.2d at 925. Both parties knew that Firemen's became involved in the contract in the role of a surety, that it

---

**2.** See *Alley Constr. Co. v. State*, 300 Minn. 346, 349 n. 1, 219 N.W.2d 922, 924 n. 1 (1974) for an example of proper jury instructions on a claim of breach of implied warranty for plans and specifications.

had no role in the development or execution of the plans and specifications, that another contractor had defaulted on the plans, and that Firemen's claimed no expertise in the planning, preparation, or implementation of the plans and specifications. The party with the superior knowledge and control over construction was the State of Arkansas, the owner of the plans, and it is liable for alleged breaches of warranty unless the contract provides otherwise.

Although it is unclear, the posture of this case appears to have been breach of an implied warranty submitted to the jury as breach of contract. There is no evidence to support a finding of breach of contract unless the breach of warranty is the alleged breach of contract. If so, the jury could have found breach of warranty under the instructions given but because the instructions were incorrect as a matter of law, the jury relied on an incorrect statement of law in reaching its verdict. As a result, the trial court's adoption of that verdict must be reversed. Because we reverse, we need not decide the issues of damages, preverdict interest, bond cancellation and costs. They are moot.

## DECISION

The trial court did not abuse its discretion in refusing to give res judicata effect to the Arkansas Claims Commission's decision because the parties were denied a fair hearing and were not entitled to judicial review. The evidence is insufficient to sustain the jury's special verdict. The jury instructions did not accurately convey a clear and correct statement of the law of contracts or implied warranty and, as a result, Firemen's sustained substantial prejudice. We reverse and remand to the trial court for award of costs to the prevailing party consistent with this opinion.

**Reversed and remanded.**