Joseph DIXON, Appellant,

v.

**DEPOSITORS INSURANCE COMPANY, Erroneously captioned Allied Insurance Company, Respondent.**

**No. CO–00–519.**

Court of Appeals of Minnesota.

Nov. 21, 2000.

---

Joseph Dixon, Minneapolis, pro se appellant.

Thomas E. Peterson, Peterson & Hektner, Ltd., Minneapolis, for respondent.

Considered and decided by HALBROOKS, Presiding Judge, RANDALL, Judge, and HARTEN, Judge.

## OPINION

HALBROOKS, Judge.

Appellant challenges the district court's grant of summary judgment in favor of respondent. He raises a variety of claims relating to fraud, racketeering, unfair trade practices, and racial and disability discrimination in connection with the cancellation of his automobile insurance policy. We affirm.

## FACTS

In June 1990, appellant Joseph Dixon insured his home and automobile through respondent Depositors Insurance Company, a division of Allied Group Insurance. To obtain his automobile insurance policy, appellant stated that he was gainfully employed, he had not been in an automobile accident within the past five years, and he did not have any medical conditions that might interfere with his ability to operate a motor vehicle.

In November 1994, a dispute arose over whether appellant had paid his premium for his homeowner's policy. Upon a subsequent cursory inspection of appellant's residence, respondent concluded that appellant's home needed substantial repairs. Respondent also believed that appellant had improperly insured his residence as a single-family dwelling but was actually using it as a multi-unit apartment building. When appellant disputed the inspection's findings and refused to make repairs, respondent notified him that it would not renew his homeowner's policy following its expiration on November 8, 1995.

Appellant brought suit pro se in U.S. District Court for the District of Minnesota concerning the non-renewal of his homeowner's policy. *Dixon v. Allied Ins. Co.*, No. 3–96–803 (D.Minn. Apr. 14, 1997) (*Dixon I*). Respondent brought a counterclaim, asking for a rescission of appellant's automobile insurance, and moved for summary judgment.

The federal court in *Dixon I* granted respondent's motion on appellant's five claims. First, the court determined that Minnesota does not recognize a private right of action under the Minnesota Unfair Trade Practices Act, Minn.Stat. § 72A.201 (1996). Second, the court determined that Minnesota does not recognize a cause of action against insurers for breach of the duty of good faith and fair dealing for not renewing an insured's policy. Third, the court found that appellant's claims were not actionable under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a) (1994), and the Americans with Disabilities Act, 42 U.S.C. § 12112 (1994), because both federal statutes concern employment, not insurer-insured, relationships. Fourth, the court found that appellant failed to establish a prima facie case of discrimination under the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 8a(c) (1996) (prohibiting discrimination in business practices). The court found that appellant could not rebut respondent's proffered nondiscriminatory reason—failing to make needed repairs—for refusing to renew his homeowner's insurance. Further, the court noted that if respondent were discriminating against appellant, it probably would have cancelled his automobile insurance policy when it cancelled the homeowner's policy rather than continuing to do business with him.

The federal district court denied respondent's counterclaim for lack of subject matter jurisdiction. But the court noted that appellant had made several serious misrepresentations in his insurance application: he had been in a serious automobile accident, was taking medication for

acute paranoid psychosis and paranoid schizophrenia, and had not been employed when he applied for his insurance.

Respondent subsequently brought a declaratory judgment action in Hennepin County District Court to rescind appellant's automobile insurance. *See Depositors Ins. Co. v. Dixon,* No. CT 98–1079 (Minn. Dist. Ct. June 3, 1998) (*Dixon II* ). The district court granted summary judgment in favor of respondent, finding that appellant had made material misrepresentations in his application. The court held that, under Minn.Stat. § 60A.08, subd. 9 (1998), these misrepresentations could cause an increased risk of loss for respondent and were thus grounds for rescinding the automobile insurance policy. Appellant was represented by counsel and failed to appeal the district court decision.

Prior to the decision rescinding the automobile policy, appellant received $6,313.50 in no-fault insurance benefits due to an accident on September 1, 1997, $50 for towing, and $589.40 on a property damage claim. Following *Dixon II,* respondent refused to pay any further benefits. On March 29, 1999, appellant brought this case against respondent in Hennepin County District Court for failure to pay benefits.

The district court held that res judicata barred all claims concerning the rescinded automobile insurance policy, including appellant's claims of theft by swindle, race and disability discrimination, and unfair trade practices. Second, the district court granted respondent's motion for summary judgment in respect to appellant's claims of fraud and racketeering. Finally, the district court issued a permanent injunction against appellant, enjoining him from bringing any further claims against respondent regarding either insurance policy. This appeal follows.

## ISSUES

1. Did the district court err in applying res judicata to appellant's claims of discrimination, unfair trade practices, and improper contract rescission?

2. Did the district court err by granting a motion for summary judgment against appellant's claims of fraud and racketeering?

3. Did the district court err by granting an injunction prohibiting appellant from bringing further claims against respondent?

## ANALYSIS

**1. Did the district court err in applying res judicata to appellant's claims of discrimination, unfair trade practices, and improper contract rescission?**

We review de novo whether the doctrine of res judicata applies to a given set of facts. *Erickson v. Commissioner of Dep't of Human Servs.,* 494 N.W.2d 58, 61 (Minn.App.1992). If the doctrine does apply, then the decision to apply it is left to the trial court's discretion. *Id.* The three elements for res judicata are: (1) identical parties; (2) a final judgment on the merits; and (3) a second suit involving the same cause of action. *Myers v. Price,* 463 N.W.2d 773, 776 (Minn.App.1990), *review denied* (Minn. Feb. 4, 1991).

We find that the district court properly found all three elements of res judicata were present. The first element is obviously met as the parties have been identical in all three lawsuits.

Second, there are two final judgments from appellant's previous lawsuits against respondent. "[A]n order or judgment becomes final after the appellate process is terminated or the time for appeal has expired." *State Farm Mut. Auto. Ins. Co. v. Spartz,* 588 N.W.2d 173, 175 (Minn. App.1999) (citation omitted), *review denied* (Minn. Mar. 30, 1999). Appellant failed to properly appeal *Dixon I* to the Eighth Circuit, and the U.S. Supreme Court denied his writ of certiorari. Similarly, appellant failed to appeal *Dixon II* and is now time barred. Minn. R. Civ.App. P.

104.01. Thus, both *Dixon I* and *Dixon II* are final decisions.

Finally, appellant is raising the same claims in the present case that he made in *Dixon I* and *Dixon II:* discriminatory treatment based on race and disability, unfair business practices, and improper rescission of his automobile insurance policy.

Finding all the elements of res judicata are present, we then find that the district court did not abuse its discretion by applying res judicata to this case. Three different courts have heard this case. Appellant has had his day in court and ample opportunity for appeal. *See D.H. Blattner & Sons, Inc. v. Firemen's Ins. Co.,* 535 N.W.2d 671, 674 (Minn.App.1995) (suggesting res judicata should only be applied where "the parties were denied a fair hearing and had no opportunity for judicial review"), *review denied* (Minn. Oct. 18, 1995).

## 2. Did the district court properly grant respondent's motion for summary judgment for RICO and fraud claims?

■ Appellant claims the district court erred by granting respondent's motion for summary judgment. A district court should grant a motion for summary judgment if, after reviewing the pleadings, depositions, answers to interrogatories, affidavits, and admissions, there is no genuine issue of material fact and a party is entitled to a judgment as a matter of law. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). Although evidence is reviewed in the light most favorable to appellant, he still must produce specific facts to create a factual issue for trial. *Paulos v. Johnson,* 597 N.W.2d 316, 318 (Minn. App.1999), *review denied* (Minn. Sept. 28, 1999).

■ Here, appellant has failed to produce any facts relating to his racketeering and fraud claims. A review of the voluminous materials appellant submitted to the district court reveals that he has not introduced facts specific to *his* case. Rather, he has submitted photocopies of legal treatises, textbooks on American history, and articles from various periodicals on the insurance industry. None of these relates to the actual case or parties before us.

■ Further, a claim of fraud must state the elements of the cause of action with particularity. Minn. R. Civ. P. 9.02; *see also Westgor v. Grimm,* 318 N.W.2d 56, 58 (Minn.1982). As the district court determined, appellant's pleadings are "general in nature, failing to allege the necessary elements of fraud such as false representation, reliance and specific pecuniary damage." His only real allegation is that all the documents furnished by respondent are fraudulent. At most, the record indicates that his first name was listed incorrectly on an application but—as appellant admits—correctly states his last name, date of birth, and social security number.

■ Second, appellant argues that his former attorneys engaged in a conspiracy with respondent and its attorneys to prevent him from having his claims argued before a jury and from obtaining new counsel. Appellant's theory is that this alleged conspiracy violates the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (1994) (RICO). But appellant fails to plead any facts necessary to fulfill the three-part test for a RICO violation: a common purpose, continuity, and "an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity." *State v. Huynh,* 519 N.W.2d 191, 194 (Minn.1994) (quoting *United States v. Kragness,* 830 F.2d 842, 855 (8th Cir. 1987)). Appellant can only point to the fact that he lost his prior lawsuits as any sort of evidence of a common purpose. But as the district court noted, appellant's prior lawsuits were dismissed on purely legal bases. Appellant has retained at least three different attorneys in the course of his lawsuits. There is no evidence to support a claim of conspiracy in this case.

Lastly, appellant mistakenly relies on *Evitts v. Lucey,* 469 U.S. 387, 396–99, 105 S.Ct. 830, 836–37, 83 L.Ed.2d 821 (1985), to suggest that his attorneys' failures to appeal from summary judgment have violated his due process rights. But *Evitts* and its progeny concern the rights of criminal defendants, not civil plaintiffs. It is well settled that summary judgment does not violate an unsuccessful litigant's due process rights. Rather, as the U.S. Supreme Court has held, summary judgment is "an integral part" of civil procedure, not "a disfavored procedural shortcut," and is "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quotation omitted).

3. **Did the district court abuse its discretion when it permanently enjoined appellant from pursuing further claims against respondent based on the homeowner's or automobile insurance policies?**

 "Granting equitable relief is within the sound discretion of the trial court. Only a clear abuse of that discretion will result in reversal." *Nadeau v. County of Ramsey,* 277 N.W.2d 520, 524 (Minn.1979) (citation omitted). This court has recognized that

> it is proper for a court to issue a permanent injunction to restrain the initiation of successive suits and proceedings to relitigate a cause of action that is based on the same facts with identical issues and parties and that has been already adjudicated with finality.

*Spartz,* 588 N.W.2d at 175 (quotation omitted).

There is no evidence that the district court abused its discretion by granting the injunction. This case is the third lawsuit that appellant has filed against respondent. Any future lawsuits will inevitably turn on the same issues appellant has raised here and in his prior two lawsuits. Although we are mindful of the difficulties facing pro se litigants, the courts are not to be used as a tool of harassment.

## DECISION

Res judicata bars appellant from relitigating the rescission of his insurance policies as there are already two final judgments deciding this issue. Summary judgment regarding his claims of fraud and racketeering is appropriate because appellant has failed to raise any genuine issues of material facts. And the district court acted within its discretion by enjoining any further claims against respondent on these issues.

**Affirmed.**